ON MOTION TO STRIKE APPEAL
GLICKSTEIN, Judge.
While this court has enough to do without issuing opinions in matters involving motions for extension or to strike, this case compels one.
Appellants’ attorney filed her notice of appeal on September 29,1982, and received, without opposition, an extension to serve appellants’ brief by January 8, 1983. On January 7, 1983, she sought another extension and specifically asked that she be given until February 8, 1983, in which to serve her brief. Appellees objected without success.
February 8, 1983, came and went. By February 18, 1983, not having been served with any brief, appellees’ counsel moved to strike the appeal. Appellants’ attorney responded to the motion by quoting from Florida Rule of Appellate Procedure 9.420(d), which provides:
Additional Time After Service by Mail. Whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.
She then said she served the brief on February 14, 1983, a Monday; and that such service complied with the rule.
Heretofore, the clerk of our court has been permitting the parties to tack five days onto deadlines set by orders issued by the court which direct a party or clerk to file or serve anything by a specific, designated date. While we are denying the motion to strike, we are informing the lawyers practicing before this court that henceforth the word “documents” shall not be interpreted to mean, for the purposes of Florida Rule of Appellate Procedure 9.420(d), those orders issued by this court which direct a party or clerk to file or serve anything by a specific, designated date.
BERANEK and DELL, JJ., concur.